IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                     **Case No. 09-40058-01-RDR**

GUADALUPE ARMENDARIZ,

        Defendant.

## **O R D E R**

This order is issued to record the rulings of the court upon the sentencing issues raised during the hearing conducted in the above-captioned case on April 11, 2011. Defendant appeared before the court to be sentenced after pleading guilty to Count 1 of a superseding indictment charging defendant with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine.

As stated in open court, the court considered the presentence report which discussed defendant's personal history and characteristics, the nature of the offense, defendant's criminal history, the advisory Sentencing Guidelines, and the factors the court must consider under 18 U.S.C. § 3553 when sentencing. The Sentencing Guidelines as calculated by the presentence report produced a guideline range of 63 to 78 months.

In addition to the presentence report, the court considered the letters written on defendant's behalf as well as the impact

that any sentence may have upon defendant's family.  The court also took into account the sentencing memoranda filed by both sides as well as the exhibits admitted during the sentencing hearing.

The primary issue at sentencing concerned the amount of methamphetamine which should be attributed to defendant for the calculation of his base offense level.  The presentence report used the figure of 5.07 kilograms which led to a base offense level of 33.  The government argued that the figure should be 18.32 kilograms which leads to a base offense level of 34.  Defendant argued that the figure should be less than 5 kilograms.  Defendant has admitted to drug quantities between 3 and 4 kilograms which leads to a base offense level of 31.  Doc. 74 at p. 2.  All of these base offense levels have applied the mitigating role reduction set forth in U.S.S.G. § 2D1.1(a)(5).

"The government has the burden of proving the quantity of drugs by a preponderance of the evidence."  U.S. v. Gigley, 213 F.3d 509, 518 (10th Cir. 2000).  "[D]efendant is 'accountable for all quantities of contraband with which he was directly involved and, in the case of jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'"  U.S. v. Lauder, 409 F.3d 1254, 1267 (10th Cir. 2005) (quoting U.S.S.G. § 1B1.3 comment n. 2 (emphasis added)).  The Guidelines contemplate that "relevant conduct is not necessarily the same for

2

every" conspirator. U.S.S.G. § 1B1.3, comment n.2. The scope of a conspirator's jointly undertaken criminal activity is not necessarily the same as the scope of the entire conspiracy. U.S. v. McClatchey, 316 F.3d 1122, 1128-29 (10th Cir. 2003). "In determining the scope of the criminal activity that a defendant has agreed to jointly undertake, 'the court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others.'" U.S. v. Tran, 285 F.3d 934, 938 (10th Cir. 2002) (quoting U.S.S.G. § 1B1.3, comment n.2).

The court decided to adopt defendant's position regarding drug quantity and base offense level. Defendant was a subordinate to Pasqual Vazquez-Villa, who mostly worked independently from Adan Molina. When Vazquez-Villa was sentenced, drugs which were part of his criminal activity with Molina were used to calculate his base offense level. The government has argued that the same drug amount should be used in this case. We agree with the presentence report that there is not enough evidence to show that the "Molina" drugs which were connected to Vazquez-Villa were reasonably foreseeable as part of the criminal activity which defendant agreed to jointly undertake. Therefore, the court shall reject the government's position on this issue.

The court further agreed with defendant that there is not enough evidence to connect defendant to the 4 pounds of methamphetamine discussed in paragraph 39 of the presentence

report.  The 4 pounds of methamphetamine was the topic of a wiretapped phone call between Vazquez-Villa and a man named Vazquez-Garcia.  Defendant was not part of the phone call.  His connection, if any, to Vazquez-Garcia is not established.  Both parties to the phone call were in Phoenix, Arizona at the time.  There is no indication the distribution of this quantity of drugs was within the scope of the agreement between defendant and Vazquez-Villa.  The court is persuaded that defendant assisted Vazquez-Villa with interpreting or translation and with delivery of drugs to a limited number of English-speaking persons.  The government presented testimony during the sentencing hearing which connected defendant to the distribution of one or two kilograms.  But, the evidence is not sufficiently clear in the court's estimation to connect defendant to all the drugs which Vazquez-Villa possessed or discussed in Phoenix, Arizona.  Without this 4 pounds, the amount of drugs involved for the purposes of sentencing is in line with defendant's position.

In short, the court is not able to make specific findings that five kilograms or more of methamphetamine was reasonably foreseeable to defendant and within the scope of his agreed criminal activity given his criminal conduct during the conspiracy.  In making this finding the court finds some support from the following cases: U.S. v. Green, 175 F.3d 822, 837 (10th Cir.) cert. denied, 528 U.S. 852 (1999) (defendant should not be held

4

accountable at sentencing for kilogram of cocaine seized from co-conspirator absent particularized findings regarding the scope of defendant's agreement to be part of the conspiracy and whether the kilogram was reasonably foreseeable to him); U.S. v. Cirrillo-Davilla, 124 F.Supp.2d 1140, 1154 (D.Neb. 2001) (defendant who served as interpreter in drug conspiracy not held responsible for transactions he was not involved in and methamphetamine he was unaware of); U.S. v. Manzanarez, 2009 WL 331618 (D.Kan. 2/10/2009) (defendant not held responsible for drug amounts in large sales made by co-conspirator husband when the evidence did not establish that defendant was directly involved in the large transactions and defendant's drug activity was limited to collecting drug proceeds or conducting smaller transactions when her husband was absent).

Based on the above findings, the court calculated defendant's total offense level as 24, which produced a guideline range of 51 to 63 months. The court sentenced defendant to 51 months.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2011 at Topeka, Kansas.

          s/Richard D. Rogers
          United States District Judge